IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JULIOUS SEXTON,**

    **Petitioner,**

v.                                                      **Case No. 1:14-cv-26979**

**BART MASTERS, WARDEN,**
**FCI McDowell**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On October 17, 2014, Petitioner Julious Sexton ("Sexton"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). Thereafter, Respondent filed a response to the petition, wherein Respondent requests dismissal of the petition. (ECF No. 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Given that Sexton has received the relief he requests in the instant petition, his petition is moot; therefore, the undersigned respectfully **RECOMMENDS** that the District Court **DISMISS** the petition and remove this matter from the docket of the Court.

**I.**    **Relevant History**

On March 17, 2011, Sexton pled guilty to one count of possession of a firearm by a convicted felon, contrary to 18 U.S.C. § 922(g)(1), in the United States District Court for

1

the District of Maryland. *United States v. Sexton*, No. 1:10-cr-363, Dkt. No. 26. On May 27, 2011, Sexton was sentenced to 180 months' imprisonment and three years' supervised release. *Id.*, Dkt. No. 33 at 2-3. Sexton's sentence was increased based on the district court's finding that Sexton was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id.*, Dkt. No. 38 at 1 (Dec. 29, 2015); *see also id.*, Dkt. No. 27 at 4-5 (Mar. 21, 2011).

On October 17, 2014, Sexton filed the instant § 2241 petition challenging the district court's finding that he is an armed career criminal under the ACCA.[1] (ECF No. 1 at 1). For relief, Sexton requests that this Court vacate his sentence and resentence him without an enhancement under the ACCA. (*Id.* at 5-6). Respondent filed a response seeking dismissal of the petition on May 4, 2015. (ECF No. 8 at 1). Subsequently, the United States Supreme Court decided *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015), which struck down the ACCA's "residual clause" as unconstitutionally vague.

After the Supreme Court's decision in *Johnson*, Sexton filed an Emergency Consent Motion to Correct Sentence under 28 U.S.C. § 2255 in the Maryland District Court on December 29, 2015. *Sexton*, 1:10-cr-363, Dkt. No. 38. Therein, Sexton argued that *Johnson* eviscerated his armed career criminal status under the ACCA, and thus, he was entitled to a lesser sentence. *Id.* at 1. On January 4, 2016, the district court granted Sexton's § 2255 motion and reduced his sentence to seventy-seven months' imprisonment. *Id.*, Dkt. No. 39.

---

[1] At the time that he filed the instant petition, Sexton was incarcerated at the Federal Correctional Institution-McDowell in Welch, West Virginia. (ECF No. 1 at 8). A search of the Inmate Locator on the Federal Bureau of Prison's website shows that Sexton is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky as of August 3, 2016.

## II. Discussion

"Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies." *Handsome v. Deboo*, No. 5:11CV154, 2012 WL 476140, at *1 (N.D.W. Va. Jan. 20, 2012). "[A] case becomes moot when there is no viable legal issue left to resolve." *Id.* (citing *Powell v. McCormick*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot." *Id.* (citing *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-99 (3d Cir. 1996)); *see also Stewart v. Hickey*, No. 1:06-114, 2009 WL 261419, at *1 (S.D.W.Va. Feb. 3, 2009) (recognizing that habeas petition was moot where court could no longer grant relief requested by petitioner).

Sexton filed the instant § 2241 petition seeking resentencing without the application of an enhanced penalty under the ACCA. The Maryland District Court has already granted the relief requested by Sexton and reduced his sentence.[2] Therefore, this Court can no longer provide the relief sought by Sexton, and Sexton's § 2241 petition is moot. *See Handsome*, 2012 WL 476140, at *1; *Stewart*, 2009 WL 261419, at *1. Accordingly, Sexton's petition should be dismissed.

## III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Sexton's

---

[2] Although Sexton filed a § 2241 petition in this Court, his claim challenges the validity of his conviction and sentence, and consequently, should have been brought pursuant to 28 U.S.C. § 2255. *See In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Accordingly, the only relief available to Sexton from this Court was a transfer of his petition to the Maryland District Court (or the Fourth Circuit), with his ultimate goal being to receive a resentencing by the Maryland District Court. According to the record, Sexton was able to achieve that end without this Court's assistance.

Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED** as **moot**, and that this case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** August 5, 2016

Cheryl A. Eifert
United States Magistrate Judge