```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

JULIOUS SEXTON,

    Petitioner,

v.                                   CIVIL ACTION NO. 1:14-26979

BART MASTERS, WARDEN,
FCI McDowell

    Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2).

Magistrate Judge Eifert submitted to the court her PF&R on August 5, 2016, in which she recommended that the Court dismiss the petition and remove this matter from its docket. (Doc. No. 23). In accordance with 28 U.S.C. § 636(b), the parties were allotted fourteen days in which to file any objections to Magistrate Judge Eifert's PF&R. The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a <u>de novo</u> review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989). Neither party filed any objections to the Magistrate Judge's PF&R within the required time period.

The United States District Court for the District of Maryland sentenced Petitioner Julious Sexton to 180 months' imprisonment and three years' supervised release. <u>United States v. Sexton</u>, No. 1:10-cr-363, Dkt. No. 33 at 2—3.  Sexton's sentence was increased based on the district court's finding that Sexton was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  In seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner Sexton challenged the district court's finding that he is an armed career criminal under the ACCA. (Doc. No. 1).

Sexton petitioned this Court to vacate his sentence and resentence him without an enhancement under the ACCA. The United States Supreme Court decided <u>Johnson v. United States</u>, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015), which invalidated the ACCA's "residual clause" as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. In <u>Johnson</u>'s wake, Sexton filed an Emergency Consent Motion to Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the District of Maryland on December 29, 2015.  <u>Sexton</u>, 1:10-cr-363, Dkt. No. 38.  The federal district court in Maryland granted Sexton's § 2255 motion and decreased his sentence to seventy-seven months' imprisonment.  <u>Id</u>., Dkt. No. 39.  Accordingly, Magistrate Judge Eifert, in her PF&R, is entirely correct that the United States District Court for the District of Maryland

has already accorded the relief requested by Sexton: decreasing his sentence.

Sexton's resentencing has left this Court without a "case or controversy" to decide since, "by virtue of an intervening event, [we] cannot grant 'any effectual relief whatever' in favor of the appellant." Calderon v. Moore, 518 U.S. 149, 150 (1996) (per curiam) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)).  The limits on our Article III jurisdiction render it abundantly clear that when "there is no wrong to remedy," the case is moot.  United States v. Hardy, 545 F.3d 280, 285 (4th Cir. 2008); see also Stewart v. Hickey, No. 1:06-114, 2009 WL 261419, at *1 (S.D.W. Va. Feb. 3, 2009) (noting that habeas petition becomes moot where habeas court has no remedy to accord petitioner).  "[F]ederal courts may not give opinions upon moot questions or abstract propositions."  Calderon, 518 U.S. at 149. And in this case, because Sexton's "requisite personal interest" in this litigation has disappeared, this matter retains only moot questions.  Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997).  Consequently, Sexton's petition before this court must be, and now is, dismissed.

Accordingly, the court adopts Magistrate Judge Eifert's PF&R, **DISMISSES** the petition, and **DIRECTS** the Clerk to remove this matter from the docket of the Court.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 19th day of September, 2016.

>ENTER:
>
> *[signature: David A. Faber]*
> David A. Faber
> Senior United States District Judge